**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID CLAASSEN,<br><br>   Petitioner,<br><br>  v.<br><br>MARTIN BITER, Warden,<br><br>   Respondent. | Case No. CV 10-8387 SVW (JCG)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's objections to the R&R ("Objections"), and has made a *de novo* determination.

  In his Objections, Petitioner raises – some for the first time – four grounds for relief:

  (1) a one-sentence summary in the R&R misstates that Petitioner "personally shot a firearm during the incident" and "the R&R should reflect that petitioner's additional punishment of 25 years to life based on aider and abettor liability, § 12022.53(e)(1), was dependent on the sufficiency of the proof that *he* violated

1  § 186.22(b)"; however, the evidence was insufficient to show Petitioner violated
2  § 186.22(b), (Objs. at 4-5);
3      (2) the R&R's discussion of sufficiency of the evidence to establish California Penal Code § 186.22(b) "mixes apples . . . and oranges" because Detective Gutierrez's testimony "did not say whether CLB's crimes were the same" as the primary activities of ESL, (*id.* at 7);
4      (3) "[t]here was insufficient evidence of a 'pattern of criminal gang activity' because the gang expert's testimony was speculative about CLB's primary criminal activity and the lack of proof could not properly be remedied by 'common sense,'" (*id.* at 11); and
5      (4) "[t]here was insufficient evidence that petitioner acted for the benefit of or in association with, a criminal street gang." (*Id.* at 15.)

    The Court has reviewed Petitioner's Objections and concludes that all lack merit.

    First, the Court refuses to consider Petitioner's contentions that there was insufficient evidence to establish "petitioner's additional punishment of 25 years to life based on aider and abettor liability" and Detective Gutierrez's testimony "did not say whether CLB's crimes were the same" as the primary activities of ESL because both arguments were not raised in the earlier proceedings before the Magistrate Judge. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation").

    In any event, as to Petitioner's argument that there was an "absence of evidence linking CLB to ESL," (Objs. at 8), the prosecution need not prove what subset of a criminal street gang was involved. *See People v. Ortega*, 145 Cal.App.4th 1344, 1356-57 (2006) ("In light of the nature of gang structure and the apparent willingness of members of different gangs to work with other gangs to commit crimes, requiring the prosecution to prove the specific subset of a larger

1  gang in which a defendant operated would be an impossible, and ultimately
2  meaningless task."); *People v. Valdez*, 58 Cal.App.4th 494, 506-07 (1997) ("[G]angs
3  are not public and open organizations or associations like the YMCA or State Bar
4  Association, which have a clearly defined and ascertainable membership.  Rather,
5  gangs are more secretive, loosely defined associations of people, whose involvement
6  runs the gamut from 'wannabes' to leaders.  Moreover, determining whether
7  someone is involved and the level of involvement is not a simple matter and requires
8  the accumulation of a wide variety of evidence over time and its evaluation by those
9  familiar with gang arcana in light of pertinent criteria.") (footnote omitted).
10         Although Petitioner cites to *People v. Williams*, 167 Cal.App.4th 983 (2008),
11 in support of his assertion, in that case, the court found that the factions of the gang
12 at issue shared a common name and ideology, but that there was a lack of
13 organization within the gang and that the different factions did not necessarily know
14 the activities of other factions within the gang.  *Id.* at 987-88.  Here, no evidence
15 indicated the goals and activities of a particular subset were not shared by the others.
16 (*See, e.g.,* Lodg. No. 5, Reporter's Transcript, at 749 (Detective Gutierrez's
17 testimony that a "clique is just a group of people who claim a certain area but [are]
18 still part of the large gang"), 751 (Detective Gutierrez's testimony that CLB is
19 differentiated from ESL only in that "they hang out in a certain geographical area[,
20 but t]hey're still a member of the gang"), 752 (Detective Gutierrez's testimony that
21 Petitioner is a known member of CLB), 759 (Detective Gutierrez's testimony that
22 CLB and ESL are "the same gang" and "CLB is the same as Eastside Longo").)
23         Second, Petitioner's quibble with the R&R's one-sentence summary of facts
24 fails to demonstrate that he is entitled to habeas relief.  In any event, to the extent
25 Petitioner objects to the one-sentence summary, the Court declines to accept and
26 adopt the summary on lines 16-17 of page 2 of the R&R.
27         Third, with respect to Petitioner's "third" and "fourth" objections, (*see* Objs.
28 at 11-20), Petitioner echoes and essentially restates the arguments made in the

3

Petition. Those arguments lack merit for the reasons stated in the R&R.

Finally, for the reasons set forth in the Magistrate Judge's R&R, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.
3. A Certificate of Appealability, is denied.

DATED: November 29, 2012

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE